UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK TABBAH,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID PHIFER, LOLITA PHIFER, ALL UNNAMED OCCUPANTS, DOES 1 TO 10,<br><br>    Defendants. | Case No. 5:16-cv-04490-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING IFP APPLICATIONS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

David and Lolita Phifer removed this unlawful detainer action from the Santa Clara County Superior Court. They also seek leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP applications, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it

1  determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief
2  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
3  relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendants qualify financially for IFP status, and their
4  IFP applications therefore are granted. Even so, they may not proceed in this court because there
5  is no federal subject matter jurisdiction over this matter.

6  Removal to federal court is proper where the federal court would have original subject
7  matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly
8  construed against removal and place the burden on the defendants to demonstrate that removal is
9  proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus
10 v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to
11 determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be
12 remanded to the state court if it appears at any time before final judgment that the court lacks
13 subject matter jurisdiction. 28 U.S.C. § 1447(c).

14 Defendants fail to show that removal is proper based on any federal law. Federal courts
15 have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the
16 United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-
17 pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank,
18 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not
19 satisfy this requirement. Id. Defendants contend that this case depends on the determination of
20 rights and duties "under federal law." (Dkt. 1 at 2). However, allegations in a removal notice or
21 in a response to the complaint cannot provide this court with federal question jurisdiction.
22 Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal
23 claims whatsoever.

24 Nor does this court find any basis for diversity jurisdiction. Federal district courts have
25 jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of
26 $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C.
27 § 1332. Defendants fail to identify the citizenship of each party. But, this is of no import since
28 the complaint indicates that the amount in controversy does not exceed $10,000. Moreover,

United States District Court
Northern District of California

2

1 unlawful detainer actions involve the right to possession alone, not title to the property.  So, the
2 fact that the subject property may be worth more than $75,000 is irrelevant.  <u>MOAB Investment
3 Group, LLC v. Moreno</u>, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014);
4 <u>Maxwell Real Estate Investment LLC v. Bracho</u>, No. C12-02774RMW, 2012 WL 2906762 at *1
5 (N.D. Cal., July 13, 2012).

6 There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the
7 removal of this case was improper.  <u>Defendants are advised that future attempts to remove this
8 matter may result in sanctions.</u>

9 Because the parties have yet to consent to the undersigned's jurisdiction, this court
10 ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further
11 RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County
12 Superior Court.  Any party may serve and file objections to this Report and Recommendation
13 within fourteen days after being served.  Fed. R. Civ. P. 72.
14 SO ORDERED.
15 Dated:   August 10, 2016

HOWARD R. LLOYD
United States Magistrate Judge

3

5:16-cv-04490-HRL Notice has been electronically mailed to:

Brian Skarbek     brian@skarbeklaw.com

5:16-cv-04490-HRL Notice sent by U.S. Mail on 8/10/2016 to:

David Phifer
493 Curie Drive
San Jose, CA 95123

Lolita Phifer
493 Curie Drive
San Jose, CA 95123

4